IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick F. Williams, | ) | |
| | ) | Civil Action No. 6:15-3236-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Tim Riley, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Derrick F. Williams, a state inmate proceeding pro se, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 40) be granted and that Petitioner's motion to strike redundant portions of Respondent's return and memorandum (ECF No. 46) be denied. (ECF No. 62). Petitioner filed timely objections. (ECF No. 68).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear

## Background

At 1 a.m. on January 29, 2008, an officer stopped Petitioner for speeding on Interstate 85. (ECF No. 62 at 2). Petitioner was driving a one-day rental car and traveling from Georgia to North Carolina. (ECF No. 62 at 2). After the officer activated his blue lights, Petitioner continued driving for another quarter of a mile and then he pulled into the emergency lane where he drove for ten to fifteen additional seconds. (ECF No. 62 at 2). The officer called in the traffic stop and a second officer with a drug detection dog came to the stop. (ECF No. 62 at 2). While the first officer was writing the speeding ticket, the second officer circled Petitioner's vehicle with the drug detection dog. The dog alerted to narcotics, and a search revealed 242 grams of cocaine in the engine compartment of the rental car, a loaded 9mm pistol, and $776.00 in cash. (ECF No. 62 at 2).

Petitioner was subsequently indicted and represented by attorneys Druanne White and Sarah Drawdy. (ECF No. 62 at 1). Petitioner faced a sentence of thirty years' imprisonment. (ECF No. 62 at 1). On October 16, 2008, Petitioner pled guilty to a lesser-included offense and received a sentence of twelve years' confinement on the drug charge and five years' imprisonment on the gun charge; these sentences were to run concurrently. (ECF No. 62 at 2).[1]

## Legal Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C.

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has one-year to file a petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The time is tolled only during the time when a "properly filed application for State post-conviction" is pending. *Id.* § 2244(d)(2). Respondent, however, has not raised statute of limitations.

§ 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, a federal court may not grant habeas relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, the state court's factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To prove such an ineffective assistance of counsel claim, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome of the proceeding would have been different but for the deficient performance, a "reasonable probability" being one "sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When there has been a guilty plea, the petitioner must prove that counsel's representation was below the standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability that petitioner would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987) (stating that summary judgment should be granted "only when it is clear that mere is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

## Discussion

The court has reviewed Petitioner's lengthy objections. (ECF No. 70). Petitioner objects to each portion of the Report. Petitioner begins by clarifying the factual background of his conviction history (ECF No. 70 at 1), which is nondispositive to the issues before the court. Petitioner next objects to the magistrate judge's statement that he received two extensions of time (ECF No. 70 at 1); this objection, like the previous one, is to a nondispositive fact.

Petitioner then claims that the magistrate judge erred by only considering four of his thirteen grounds for relief, even though he listed thirteen grounds for relief in his petition. (ECF No. 70 at 1–6).

In his petition, Petitioner lists the four grounds considered by the magistrate judge. (ECF No. 1). Attached to the petition are memoranda which include additional allegations of ineffective assistance of counsel and alleged errors. (ECF Nos. 1-1; 1-2; 1-3). In his return and motion for summary judgment, Respondent treated these allegations as additional grounds for relief. (ECF No. 41). Petitioner thereafter filed a response to the motion for summary judgment and a motion to strike. (ECF Nos. 46, 53). In his response to the motion for summary judgment, Petitioner states: "Petitioner is not attempting in his Attachment or Memorandum to raise any free standing claims of ineffective assistance of PCR counsel, a *Brady* violation,

prosecutorial misconduct, a Fourth Amendment/illegal search and seizure, trial court error, ineffective assistance of counsel, or a conflict of interest." (ECF No. 53 at 26). In his motion to strike, Petitioner states that he seeks relief on only three grounds in his petition. (ECF No. 46 at 1).

Based on these representations by Petitioner, the magistrate judge only addressed the four grounds raised on the habeas petition form. (ECF No. 62 at 6–8). The four grounds were: (1) that he received ineffective assistance of counsel and that his guilty plea was involuntary and unintelligent because no lawful certification of the drug detection dog and the deputy existed; (2) counsel was ineffective for failing to advise Petitioner that the "dash cam" from his stop had been edited; (3) counsel was ineffective for failing to investigate the officers involved in his arrest; and (4) counsel was ineffective for having a conflict of interest. (ECF Nos. 1 & 62). Petitioner claims that the magistrate judge should have considered these additional grounds: Petitioner's guilty plea was involuntary and unintelligent because (1) counsel failed to advise him of a "missing link" in the chain of custody; (2) counsel failed to inform him that the indictments failed to confer subject matter jurisdiction; (3) counsel gave him erroneous advice concerning the lawfulness of the search of his vehicle; (4) counsel gave him erroneous advice concerning the search of his person; and (5) counsel provided him with erroneous advice concerning the lawfulness of his seizure and detention. (ECF No. 70 at 2–5).

The court overrules these objections. The court finds that, even if the magistrate judge should have considered these claims, Petitioner has failed to show that he is entitled to relief.

As to the chain of custody claim, this claim was not raised on PCR appeal and is procedurally barred, or in any event, the claim lacks merit. Plea counsel testified that she reconstructed the chain of custody, and although she found one person missing, that person had

5

retired and would have been able to testify in Petitioner's trial. (ECF No. 41-1 at 141). Petitioner's contentions appear to be based on his belief that an officer would not have testified because that officer could not have testified without perjuring himself. (ECF No. 70 at 37–39). The court finds that this argument lacks merit.

As to his claim concerning the indictments, this claim was examined by the PCR court and the court finds that the PCR court's decision was not an unreasonable application of or contrary to United States Supreme Court precedent. (ECF No. 41-1 at 149).

As to his three claims concerning ineffective assistance of counsel with regard to the seizure and searches, the court finds these claims lack merit. Assuming that these claims are not procedurally barred, officers stopped Petitioner at 1:00 a.m. while he was traveling at a speed in excess of the posted speed limit. (ECF No. 41 at 67). The officer called for backup, and an officer with a drug detection dog came to assist the officer. Petitioner was driving a one-day rental vehicle coming from Georgia to North Carolina on I-85. (ECF No. 41 at 67). After being stopped, Petitioner was asked to step out of a vehicle. (ECF No. 41 at 67). Petitioner was nervous and refused to get out of the car. (ECF No. 41 at 70). While the first officer was writing Petitioner a ticket for speeding, the second officer walked around the car with his narcotic drug detection dog. (ECF No. 41 at 67). The drug dog alerted that illegal drugs were within the vehicle, and the officers searched the vehicle and found 242 grams of cocaine. (ECF No. 41 at 3). The search of the car also revealed $776.00 in cash and a loaded firearm. (ECF No. 41 at 3).

The court finds that counsel was not ineffective concerning the legality of the seizure and search. The initial stop of Petitioner's vehicle was lawful. *See Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure of driver and passengers ordinarily continues, and

6

remains reasonable, for the duration of the stop."). An officer can "order the driver of a lawfully stopped car to exist his vehicle." *Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977)). The "pat-down" of Petitioner was also lawful. *See Terry v. Ohio*, 392, U.S. 1 (1968). Likewise, the use of the drug detection dog was lawful. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (holding that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment). The drug detection dog began sniffing approximately seven minutes after the initial stop and while the speeding ticket was being written. However, even if the use of the drug detection dog exceeded the time needed to write the ticket, the court finds that counsel was not ineffective because the officers had reasonable suspicion to extend the seizure beyond that time. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1616 (2015). After the drug dog indicated that drugs were in the vehicle, the officers had probable cause to search the vehicle. *Caballes*, 543 U.S. at 409; *see also United States v. Robinson*, 707 F.2d 811, 815 (4th Cir. 1983) ("The detection of narcotics by a trained dog is generally sufficient to establish probable cause."). Accordingly, the court finds that any claims for ineffective assistance of counsel with regard to these claims are without merit.

Petitioner next objects to the magistrate judge's recommendation that ground one was raised to and ruled upon by the PCR court. (ECF No. 70 at 6). In considering whether any of Petitioner's claims were procedurally barred, the magistrate judge found that ground one was not procedurally barred because it was raised to and ruled upon by the state courts. (ECF No. 62 at 13–14). Therefore, the court overrules this objection.

Petitioner next objects to the magistrate judge's recommendation that ground two is procedurally barred. (ECF No. 70 at 7–8). Petitioner argues that PCR counsel's ineffective assistance of counsel provides cause to permit him to present the claim here. (ECF No. 70 at 7).

7

The magistrate judge recommends a finding that the claim is procedurally barred because Petitioner did not file a Rule 59 motion to have the PCR court address the issue and the issue was not raised in his *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), petition or in his pro se response. (ECF No. 62 at 14). The magistrate judge also thoroughly examined whether the claim was substantially meritorious under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and recommended a finding that it is not substantially meritorious. (ECF No. 62 at 14–17). The court finds the magistrate judge's discussion of this issue well-reasoned and adopts the recommendation. Accordingly, this objection is overruled.

Petitioner next objects to the magistrate judge's recommendation that ground three of the petition is not substantially meritorious. (EC FNO. 70 at 8–13). This objection and ground takes two forms. First, Petitioner claims that plea counsel was ineffective for failing to investigate the officer for misconduct, and second, that plea counsel had a conflict of interest by representing that officer for his misconduct. The magistrate judge thoroughly discussed this ground and found it without merit, and the court agrees with that reasoning and recommendation. (ECF No. 62 at 17–19). Therefore, this objection is overruled.

Petitioner's next objection is to the magistrate judge's finding that Petitioner cannot raise a free-standing Fourth Amendment claim in his habeas petition. (ECF No. 70 at 13–18). Petitioner claims that he is not raising a free-standing Fourth Amendment claim, but instead, he is raising the claim within the context of ineffective assistance of counsel. (ECF No. 70 at 13). As discussed above, this claim is without merit because there has been no showing of a Fourth Amendment violation. Thus, this objection is overruled.

Petitioner's next objection concerns the magistrate judge's recommendation that the PCR court's findings on ground one were not contrary to existing Supreme Court precedent or an

8

unreasonable application of the law. (ECF No. 70 at 18–26). This claim and objection relates to the reliability of the drug detection dog. Petitioner argues that he would not have pled guilty had he known that the drug detection dog was not lawfully certified. He asserts that plea counsel was ineffective for telling him that the drug detection dog and the handler were reliable. The magistrate judge thoroughly considered the PCR court's ruling and findings on this issue, and recommended that this court find that the PCR court's ruling was not an unreasonable application of or contrary to Supreme Court precedent. (ECF No. 62 at 21–28).

The court finds that the PCR court's ruling is entitled to deference, and that Petitioner has not shown that plea counsel was ineffective. Petitioner admitted to having not reviewed any of the discovery materials relating to the drug dog. (ECF No. 41-1 at 148–49). Plea counsel testified that the trainer had forty years of training experience and that she could not impeach him. (ECF No. 59 at 48). Plea counsel had the dog sniff independently reviewed. (ECF No. 41-1 at 141).

In addition, Respondent has introduced various certifications of the dog, and Petitioner has not introduced any evidence that shows that a court would have found the canine unreliable. (ECF No. 59-1). In his objections, Petitioner argues that the canine was unreliable because no certification for the drug dog exists for the time period when Petitioner was arrested. (ECF No. 70 at 22). Petitioner cites to *United States v. Wu*, 217 F. App'x 240 (4th Cir. Feb. 2, 2007), for the proposition that this evidence is needed to show that the drug detection dog is reliable. (ECF NO. 70 at 22). In *Wu*, the Fourth Circuit examined decisions by other circuit courts and it assumed, without deciding, "that evidence of a drug dog's training and certification is needed to establish the dog's reliability." *Id.* at 245.

In this case, however, Petitioner pled guilty prior to the case being fully developed. Petitioner was indicted in April 2008 and pled guilty in October 2008. (ECF No. 62 at 1–2). There is no indication that, had Petitioner gone to trial and foregone pleading guilty, the trial court would have found the drug detection dog unreliable.[2] Therefore, the court overrules this objection.

Petitioner next objects to the magistrate judge permitting the state to submit the drug detection dog's certifications in this action, when they were not previously provided. (ECF No. 70 at 26). He bases this objection on Respondent having violated a discovery order of the PCR court. (ECF No. 70 at 26–27). The court finds that it may consider any evidence properly raised in this proceeding. *See* Fed. R. Civ. P. 56(c)(1) (providing a list of evidence that can be considered on a motion for summary judgment). Accordingly, this objection is overruled.

Petitioner's next objection concerns the magistrate judge's recommendation on ground four of his petition. (ECF No. 70 at 27–29). The magistrate judge recommended that this court find that the PCR court's denial of this claim was neither contrary to nor an unreasonable application of Supreme Court precedent. (ECF No. 62 at 28–31). Petitioner objects and claims that he would not have pled guilty if he had known that the independent expert consulted by plea counsel was connected with law enforcement. (ECF No. 70 at 28). He claims that PCR counsel should have impeached the credibility of plea counsel by claiming that plea counsel lied. (ECF No. 70 at 28). Petitioner asserts that the expert he hired, after he pled guilty, would have testified favorably about the dog sniff. (ECF No. 70 at 29). The court finds that Petitioner's arguments are repetitive of those set forth before the magistrate judge, and that the magistrate judge well-reasoned Report adequately addresses these concerns. Thus, the objection is overruled.

---

[2] During the preliminary hearing, plea counsel cross-examined Deputy Crawford about the certifications and records of training. (ECF No. 1-1 at 6). Deputy Crawford testified that he had all of the training records for the drug detection dog. (ECF No. 1-1 at 6).

The remaining nine pages of Petitioner's objections involve new grounds not raised in his petition for habeas relief.  (ECF No. 70 at 30–39).  In these claims, he again argues that PCR counsel provided ineffective assistance of counsel.  (ECF No. 70 at 30–39).  Here, Petitioner seeks relief based on (1) invalid indictment (ECF No. 70 at 30–32); unlawful detention and seizure (ECF No. 70 at 32–37); and broken chain of custody (ECF No. 70 at 37–39).  To the extent that Petitioner argues that PCR counsel was ineffective, the court finds that Petitioner cannot raise those claims here.  28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  To the extent that Petitioner argues that the ineffective assistance of PCR counsel establishes "cause" for any default, the court finds that these claims do not have merit, for the reasons set forth above.

## Conclusion

Based on the foregoing, and after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. The court adopts the Report.   Accordingly, Respondent's motion for summary judgment (ECF No. 40) is **GRANTED**; and Petitioner's motion to strike redundant portions of Respondent's return and memorandum is **DENIED**.  Petitioner's motion for an extension of time to file objections (ECF No. 68) is **DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).


In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 16, 2016